# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

PERRY FAISON,           :
:
      Plaintiff,          :
:
      v.              :      CIVIL ACTION NO.
:      2:11-CV-269-RWS
ARNE DUNCAN, in his official  :
capacity as SECRETARY,     :
UNITED STATES         :
DEPARTMENT OF        :
EDUCATION.

         Defendant.

## ORDER

Plaintiff Perry Faison, pro se, filed this action on September 27, 2011 and requested that he be permitted to proceed in forma pauperis.  On November 11, 2011, Magistrate Judge Susan S. Cole entered an order granting Plaintiff's Motion to Proceed In Forma Pauperis and directed the Clerk to assign the case for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B).  The case is presently before this Court for the frivolity determination.

## I.    Background

This action arises out of a decision by the Department of Education (DOE) to reinstate Plaintiff's student loans after having discharged the loans,

pursuant to 20 U.S.C. § 1087, on grounds of Plaintiff's permanent and total

disability. Compl., Dkt. [1] at ¶¶ 9-10. Under 20 U.S.C. § 1087,

> If a student borrower who has received a loan described
> in subparagraph (A) or (B) of section 1078(a)(1) of this
> title dies or becomes permanently and totally disabled (as
> determined in accordance with regulations of the
> Secretary), . . . then the Secretary shall discharge the
> borrower's liability on the loan by repaying the amount
> owed on the loan.

The regulations governing this Code section define "totally and permanently

disabled" as the state of being "unable to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment

that–(i) Can be expected to result in death; (ii) Has lasted for a continuous

period of not less than 60 months; or (iii) Can be expected to last for a

continuous period of not less than 60 months . . . ." 34 C.F.R. § 682.200. To

obtain a loan discharge on this ground, the borrower must submit an application

to the Secretary of the DOE (the "Secretary") containing a certification by a

qualified physician that the borrower is totally and permanently disabled. Id. §

685.213(b)(1). If the Secretary determines that the borrower in fact is totally

and permanently disabled, the Secretary "discharges the borrower's obligation

to make any further payments on the loan . . . ." Id. § 685.213(b)(2)(ii).

2

Notwithstanding a total and permanent disability discharge, the borrower's loan obligation may be reinstated under certain circumstances. In particular, the DOE may reinstate the loan if "within three years after the date the Secretary granted the discharge, the borrower . . . [h]as annual earnings from employment that exceed 100 percent of the poverty guideline for a family of two . . . ." Id. § 685.213(b)(4)(i)(A). Accordingly, during the three year period following the discharge of the borrower's loan, the borrower is required to "[p]romptly notify the Secretary if the borrower's annual earnings from employment exceed the amount specified in paragraph (b)(4)(i)(A) of this section" and "[p]rovide the Secretary, upon request, with documentation of the borrower's annual earnings from the employment." Id. § 685.213(b)(5)(ii)-(iii). The regulations do not provide a mechanism for challenging a DOE decision to deny a disability discharge or reinstate a loan after a disability discharge is granted. See Federal Student Aid: Total and Permanent Disability (TPD) Discharge, http://www.disabilitydischarge.com (follow "Additional Resources" hyperlink; then follow "Dispute Resolution" hyperlink) (last visited April 2, 2011) (explaining lack of formal appeals process to dispute DOE decision).

3

In this case, Plaintiff alleges that he applied for a student loan discharge on account of permanent and total disability on October 11, 2006, which application was "approved . . . and submitted to the Department of Education." Compl., Dkt. [1] ¶ 9; Ex. 13, Dkt. [1-13]. On May 6, 2010, the Department of Education Federal Student Aid (FSA) notified Plaintiff that he no longer qualified for a disability discharge because he had failed to provide annual income information to FSA. Compl., Dkt. [1] ¶ 10; Ex. 5, Dkt. [1-5]. Plaintiff alleges, however, that he in fact had no earned income. Compl., Dkt. [1] ¶ 12.

After receiving notification that his loan had been reinstated, Plaintiff, following the directions of a DOE representative, attempted to reinstate his disability discharge by faxing a personal statement and mailing a Social Security income statement to the FSA. Id. ¶¶ 11-13. He also submitted a new application for a total and permanent disability discharge with the requisite physician's certification (id. ¶ 14), which appears to have been denied. Plaintiff now seeks judicial review of the DOE's decision to reinstate his loan under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706. Id. ¶ 16.

The APA "provides for judicial review of federal agency actions and allows federal courts to enjoin authorities of the United States government."

Citizens for Smart Growth v. Sec'y of Dep't of Transp., 669 F.3d 1203, 1210

(11th Cir. 2012) (citing 5 U.S.C. §§ 701, 702). Under the APA, a reviewing

court "shall . . . hold unlawful and set aside agency action" found to be any of

the following:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (D) without observance of procedure required by law;
>
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2). The APA "waives the sovereign immunity of the United

States to the extent it permits '[a] person suffering legal wrong because of

agency action' to 'seek[] relief other than money damages' in federal court."

Vero Technical Supp., Inc. v. U.S. Dep't of Defense, 437 F. App'x 766, 768

(11th Cir. 2011) (quoting 5 U.S.C. § 702). In his Complaint, Plaintiff

challenges the DOE's reinstatement of his loan as "arbitrary, capricious, an abuse of discretion, not in accordance with the law, unconstitutional, in excess of statutory jurisdiction, in contradiction to established procedures and unsupported by substantial evidence and a violation of procedural due process." Dkt. [1] ¶ 18.

## II.     The Frivolity Review Standard

As stated above, this case is before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to this Code section, "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is also frivolous if the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Neitzke, 490 U.S. at 327.  If an affirmative defense such as a statute of

6

limitation would defeat a claim, the claim may also be frivolous.  <u>Clark v. Georgia Pardons & Parole Bd.</u>, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court does not find Plaintiff's claims to be frivolous.  As stated above, Plaintiff alleges that he qualified for and received a total and permanent disability discharge of his student loans and that the DOE, despite Plaintiff's continuing qualification, revoked the discharge and reinstated Plaintiff's loans. Plaintiff contends that the reinstatement of his loans was, among other things, a violation of due process.  From the face of Plaintiff's complaint, the Court cannot conclude that Plaintiff's factual allegations are "clearly baseless" or his legal theories "indisputably meritless."  (In fact, in support of his due process theory, Plaintiff points to case law, albeit not binding on this Court, finding a student loan disability discharge to be a protectable property interest–<u>Higgins v. Spellings</u>, 633 F. Supp. 2d 788, 795 (W.D. Mo. 2009)).  Furthermore, Plaintiff alleges that prior to instituting this action, he took every action available to him to have the DOE reinstate his disability discharge.  Given the absence of any DOE appeals process or dispute resolution mechanism, Plaintiff's claims appear to be ripe for judicial review.

AO 72A
(Rev.8/82)

In the caption of the Complaint, Plaintiff identifies the Defendant in this case as the United States and, in the body of the Complaint, refers to the Defendant as the United States Department of Education. Under the APA, any mandatory or injunctive decree entered against the United States must "specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance." 5 U.S.C. § 702. As Plaintiff seeks injunctive relief in this case, the Court amends the case caption to substitute the Secretary of the United States Department of Education, Arne Duncan, as Defendant.

## III.   Conclusion

Based on the foregoing, Plaintiff's claims are **ALLOWED TO PROCEED**. The Clerk of Court is **DIRECTED** to send Plaintiff a USM 285 form, summons, and initial disclosures form for the following parties: (1) the named Defendant, Secretary Duncan, (2) the United States Attorney for the Northern District of Georgia, and (3) the Attorney General of the United States. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and initial disclosures form for the aforementioned parties and to return them to the Clerk within twenty (20) days of the entry date of this Order. Plaintiff is warned that

failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is also **DIRECTED** to prepare and transmit to the U.S. Marshals Service service packages for service upon Secretary Duncan, the United States Attorney for the Northern District of Georgia, and the Attorney General of the United States, as set forth in Federal Rule of Civil Procedure 4(i)(1) and 4(i)(2).[1] Each service package must include the appropriate USM 285 form, the summons, and a copy of the Complaint. Upon receipt of the service packages, the U.S. Marshals Service is **DIRECTED** to serve the aforementioned parties in accordance with the requirements of Federal Rules of Civil Procedure 4(i)(1) and 4(i)(2).

Plaintiff is **DIRECTED** to serve upon Defendant or his counsel a copy of every additional pleading or other document that he files with the Clerk. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to

---

[1] A service waiver package is not appropriate in this case because Defendant is an officer or employee of the United States. <u>See</u> Fed. R. Civ. P. 4(d)(1) (specifying types of defendants eligible to waive service).

Defendants or their counsel.  The Court will disregard any submitted papers that have not been properly filed with the Clerk or that do not include a certificate of service.

Plaintiff is also **DIRECTED** to keep the Court and Defendant advised of his current address at all times while this action is pending. The Court admonishes Plaintiff that failure to do so may result in the dismissal of this action.

**SO ORDERED**, this  12th  day of April, 2012.

_____
**RICHARD W. STORY**
United States District Judge

10